BELINDA M. VEGA, SB No. 208236
bmvega@Venable.com
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

PAUL J. BATTISTA, Fla. Bar No. 884162
Admitted Pro Hac Vice
pjbattista@Venable.com
MARIAELENA GAYO-GUITIAN, Fla. Bar No. 813818
Admitted Pro Hac Vice
mguitian@venable.com
ERIC D. JACOBS, Fla. Bar No. 85992
Admitted Pro Hac Vice
ejacobs@Venable.com
VENABLE LLP
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Telephone: 305.349.2300
Facsimile: 305.349.2301

*Proposed Attorneys for Debtors, The Little Brown Box Pizza, LLC and Kustom Partner, LLC*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE LITTLE BROWN BOX PIZZA, LLC, &<br><br>KUSTOM PARTNER, LLC<br><br>Jointly Administered Debtors. | Lead Case No. 8:25-bk-13452-MH<br><br>Chapter 11, Subchapter V Case<br><br>Jointly administered with Case No.8:25-bk-13453-MH<br><br>**NOTICE OF LODGING AMENDED [PROPOSED] ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) GRANTING POSTPETITION SECURITY INTERESTS AND ALLOWANCE OF SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO SECTIONS 364(C) AND 364(D) OF THE BANKRUPTCY CODE, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) GRANTING** |

| | |
|---|---|
| ☒ Affects All Debtors<br>☐ Affects The Little Brown Box Pizza, LLC Only<br>☐ Affects Kustom Partner, LLC Only | **RELATED RELIEF**<br><br>Date: January 27, 2026<br>Time: 2:30 p.m.<br>Place: 411 W. Fourth St.<br>Santa Ana, CA 92701 |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

The Little Brown Box Pizza ("LBBP"), through the undersigned counsel, hereby submit the Notice of Lodging of *Amended* [Proposed] Order for Entry of an Order (I) Authorizing the Debtors to Obtain PostPetition Financing, (II) Granting PostPetition Security Interest and Allowance of SuperPriority Administrative Expense Status Pursuant to Sections 365(c) and 364(d) of the Bankruptcy Code, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief.

DATED: January 6, 2026

*/s/ Belinda M. Vega*
Belinda M. Vega
Paul J. Battista
Mariaelena Gayo-Guitian
Eric D. Jacobs
Venable LLP

*Proposed Attorneys for Debtors, The Little Brown Box Pizza, LLC and Kustom Partner, LLC*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2049 Century Park East, Suite 2300, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): Notice of Lodgment of Amended [Proposed] Order (I) Authorizing the Debtors to Obtain PostPetition financing, (II) Granting PostPetition Security Interests and Allowance of SuperPriority Administrative Expense Status Pursuant to Sections 364(c) and 364 (d) of the Bankruptcy Code, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief, and Supporting Declaration **a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 6, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| US Trustee: United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Ronald K. Brown, Jr., on behalf of Creditor Cypress Village Retail Center, LP | ron@rkbrownlaw.com |
| J. Bennett Friedman, on behalf of Debtor The Little Brown Box Pizza, LLC | jfriedman@flg-law.com, msobkowiak@flg-law.com; jmartinez@flg-law.com cbryant@flg-law.com |
| Dustin P Branch, on behalf of Creditor ASVRF Dublin Place, LP | branchd@ballardspahr.com; carolod@ballardspahr.com; zarnighiann@ballardspahr.com |
| Robert Paul Goe (TF) | bktrustee@goeforlaw.com kwareh@goeforlaw.com bkadmin@goeforlaw.com C187@ecfcbis.com; kmurphy@goeforlaw.com rgoe@goeforlaw.com |
| Ernie Zachary Park, on behalf of Creditor Irvine Spectrum Center LLC | ernie.park@bewleylaw.com |
| William McCormick c/o TN Dept of Revenue<br>c/o TN Attorney General's Office, Bankruptcy Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>on behalf of creditor Tennessee Dept of Revenue | bill.mccormick@ag.tn.gov |
| Ivan M. Gold, Esq.<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111-4074<br>on behalf of creditor Cerritos TC Property LLC | igold@allenmatkins.com |
| Riggs & Ellsworth NW, LLC<br>P.O. Box 250<br>Higley, AZ 85236<br>on behalf of creditor Affiliated Property Management | apmonline@yahoo.com |

| | |
|---|---|
| Corp. | |
| California American Water Company<br>P.O. Box 2798<br>Camden, NJ 08101 | csc.bankruptcy@amwater.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 6, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| ASVRF Dublin Place, LP | jbrodsky@aracapital.com |
| Campus Pointe Commercial L.P. | epeterson@lance-kashian.com |
| Cerritos TC Property, LLC | jscott@vestar.com |
| Cheeta Digital Inc | zeke.medina@meetmarigold.com |
| Thousand Oaks Marketplace, LP | moorpark@terracottagroup.com |
| College Square L.P. Investment Concepts Inc. G.P. | hubertk@icicorporate.com |
| Four Quarts & Associates, LLC | jimsavela@gmail.com |
| Gateway Buena Park, Inc. | cweatherman@paynterrealty.com;<br>averrette@athena-pm.com |
| Mann Enterprises Inc. | mberger@sunbeltinv.com |
| New Age Kaleidoscope, LLC | rhuang@kamsangco.com |
| Pacific Castle Red Rock, LLC | glenn@city-commercial.com |
| PK I Pavilions Place LP | kbortnick@kimcorealty.com |
| Riverlakes Galleria, LLC | fred@sainicklaw.com<br>nolan@sainicklaw.com |
| Ryan Shufflebotham, Trustee | rjrshuffle@gmail.com |
| Sysco | hoai-huong.le@sysco.com |
| Sysco SFS of Central Alabama | hoai-huong.le@sysco.com |
| TRC MM LLC | klesa@trcretail.com |
| Tutto USA, LLC | jk@infiniadvisors.com |
| Red Boulder, LLC | lwillems@pacificcastle.com<br>JHarris@pacificcastle.com |
| JPMorgan Chase | richard.rhyu@jpmorgan.com |
| UFG Insurance | patrick.ryder@hubinternational.com |
| **US Trustee:** United States Trustee (SA) | queenie.k.ng@usdoj.gov |

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 1/6/25 | Eva A. Fitzhugh | Eva A. Fitzhugh |
| *Date* | *Printed Name* | *Signature* |

**SERVED BY FEDERAL EXPRESS OVERNIGHT DELIVERY**:

| | | |
|---|---|---|
| | College Square L.P.; Investment Concepts Inc. G.P. | 1667 E. Lincoln Ave.<br>Orange, CA 92865 |
| | Campus Pointe Commercial L.P. | 255 E. River Park Circle, Suite 120<br>Fresno, CA 93720 |
| | Mann Enterprises Inc. | 8095 Othello Avenue<br>San Diego, CA 92111 |
| | RPI Fig Garden LP | 350 N Orleans Street, Suite 300<br>Chicago, Illinois 60654-1607<br>Attn: Law/Leasing Department |
| | PK I Pavilions Place LP | c/o Kimco Realty Corporation Attn:<br>Legal Department<br>500 North Broadway, Suite 201<br>Jericho, NY 11753 |
| | PK I Pavilions Place LP | 2429 Park Ave.<br>Tustin, CA 92782 |
| | TRC MM LLC | 4695 MacArthur Court, Suite 700<br>Newport Beach, CA 92660 |
| | Gateway Plaza Partners, L.P., a California limited partnership | C/O Paynter Realty & Investments, Inc. 195<br>South C Street<br>Tustin, CA 92780 |
| | Pacific/Lewis Properties | c/o Pacific Development Group II<br>One Corporate Plaza, Suite 200<br>Newport Beach, CA 92660 |
| | New Age Kaleidoscope, LLC | 411 E. Huntington Drive, Suite 305<br>Arcadia, CA 91006 |
| | Tutto USA, LLC | VantageOne Real Estate Investments I, LLC<br>3699 Wilshire Blvd., Suite 730<br>Los Angeles, CA 90010 |
| | Tutto USA, LLC | 3699 Wilshire Blvd., Suite 730<br>Los Angeles, CA 90010 |
| | Four Quarts & Associates, LLC | Focus Day Street, LLC 7938<br>Ivanhoe Ave, Ste. B La Jolla,<br>CA 92037<br>Attn: Steve Grady |
| | Four Quarts & Associates, LLC | 4301 The Strand<br>Manhattan Beach, CA 90266 |

| | | |
|---|---|---|
| | Cerritos TC Property, LLC | Gerrity Group, LLC<br>977 Lomas Santa Fe, Suit A<br>Solano Beach, CA 92075 |
| | Cerritos TC Property, LLC | 7575 Carson Blvd.<br>Long Beach, CA 90808 |
| | ASVRF Dublin Place, LP | American Realty Advisors<br>515 S. Flower Street, 49th Floor<br>Los Angelos, CA 90071 |
| | ASVRF Dublin Place, LP | Hines<br>4160 Dublin Blvd.,<br>Dublin, CA 94568 |
| | Riverlakes Galleria, LLC | c/o Sainick Law, Inc.<br>Fred Sainick<br>190 Newport Center Drive, Suite 200<br>Newport Beach, CA 92660 |
| | Ryan Shufflebotham, Trustee | 346 E. Carriage Circle<br>Washington, UT 84780 |
| | Thousand Oaks Marketplace, L.P. | c/o NewMark Merrill Companies, Inc.<br>5850 Canoga Avenue, Suite 650<br>Woodland Hills, CA 91367 |
| | Thousand Oaks Marketplace, L.P. | Terracotta Twelve, LLC,<br>C/O TerraCotta Group<br>2321 Rosecrans Avenue, Suite 3270<br>El Segundo, CA 90245 |
| | City of Thousand Oaks Marketplace, L.P. | 2100 Thousand Oaks Blvd.<br>Thousand Oaks, CA 91362 |
| | Riggs & Ellsworth NW, LLC | 2033 E. Warner Road, Suite 107<br>Tempe, AZ 85284 |
| | Gateway Buena Park Inc. | 500 N. Broadway, #201<br>Jericho, NY 11753 |
| | Red Boulder, LLC (Pacific Castle Red Rock, LLC) | 2601 Main Street<br>Suite 900<br>Irvine, CA 92614 |
| | Cheetah Digital, Inc. | 22807 Network Place<br>Chicago, IL 60673 |
| | Sysco | 1390 Enclave Parkway<br>Houston, TX 77077 |

| | | |
|---|---|---|
| | Sysco SFS of Central Alabama | 1000 Sysco Drive<br>Calera, AL 35040 |
| | UFG Insurance | 118 Second Ave., SE<br>Cedar Rapids, IA 52401 |
| | RPI Gig Garden, LP | Bridget Elmore<br>CenterCal Properties<br>790 W. Shaw Avenue, Suite 260<br>Fresno, CA 93704 |
| | RPI Fig Garden LP | c/o James L. Swearingen, Esq.<br>Miller Starr Regalia<br>1331 North California Boulevard, Sixth Floor<br>Walnut Creek, CA 94596 |
| | Pacific Lewis Properties | c/o Glenn E. Franklin<br>Property Manager<br>CityCom Real Estate Services<br>3146 Red Hill Avenue, Suite 150<br>Costa Mesa, CA 92626 |
| | California Department of Tax and Fee Administration | 651 Bannon St., Suite 100<br>Sacramento, CA 95811-0299 |
| | Robert P. Goe, Esq. | Goe Forsythe & Hodges LLP<br>17701 Cowan Avenue, Suite 210 (Lobby D) \|<br>Irvine, CA 92614 |
| | Queenie K. Ng, Esq. | Office of the United States Trustee<br>411 West Fourth Street, Suite 7160<br>Santa Ana, CA 92701-8000 |

L . O . U
Lodged Order Upload

**Bankruptcy LODGED ORDER UPLOAD FORM**

Friday, January 02, 2026

Upload Again

CONFIRMATION :

You've successfully uploaded the order:
( **11339160.docx** )
A new order and exhibit has been added

- **Office**: Santa Ana
- **Case Title**: The Little Brown Box Pizza, LLC
- **Case Number**: 25-13452
- **Judge Initial**: MH
- **Case Type**: bk ( Bankruptcy )
- **Document Number**: 97
- **On Date**: 01/02/2026 @ 03:14 PM

Please print this confirmation for future reference.

Thank You!

United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Los Angeles, CA 90012

BELINDA M. VEGA, SB No. 208236
BMVega@Venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

PAUL J. BATTISTA, Fla. Bar No. 884162
PJBattista@Venable.com
Admitted Pro Hac Vice
MARIAELENA GAYO-GUITIAN, Fla. Bar No. 813818
Admitted Pro Hac Vice
ERIC D. JACOBS, Fla. Bar No. 85992
Admitted Pro Hac Vice
EJacobs@Venable.com
VENABLE LLP
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Telephone: 305.349.2300
Facsimile: 305.349.2301

*Proposed Attorneys for Debtors, The Little Brown Box Pizza, LLC and Kustom Partner, LLC*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:

THE LITTLE BROWN BOX PIZZA, LLC &

KUSTOM PARTNER, LLC

Jointly Administered Debtors.

Lead Case No. 8:25-bk-13452-MH

Chapter 11

Subchapter V Case

Jointly administered with Case No.8:25-bk-13453-MH

**ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) GRANTING POSTPETITION SECURITY INTERESTS AND ALLOWANCE OF SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO SECTIONS 364(C) AND 364(D) OF THE BANKRUPTCY CODE, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF**

| | |
|---|---|
| ☒ Affects All Debtors<br>☐ Affects The Little Brown Box Pizza, LLC Only<br>☐ Affects Kustom Partner, LLC Only | Date: January 27, 2026<br>Time: 2:30 p.m. (PDT)<br>Place: 411 W. Fourth St.<br>Santa Ana, CA 92701 |

Upon the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") *Motion for Entry of an Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Postpetition Security Interests and Allowance of Superpriority Administrative Expense Status Pursuant to Sections 364(C) and 364(D) of the Bankruptcy Code, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief; and Supporting Declarations* (the "Motion")[1] pursuant to sections 364(c) and 364(d), and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 6004 and Local Rule 4001-2, seeking entry of an order (this " Order") approving the Motion, and the Court having considered the Motion, the Declarations of Kevin McCoy (the "McCoy Decl."), Anthony Gioia (the "Gioia Decl."), and Jose Padilla (the "Padilla Decl.") in support of the Motion, and the evidence submitted or adduced and the arguments of counsel made at the hearing ("Hearing"); and notice of the Motion and the Hearing having been given in accordance with Bankruptcy Rules 2002 and 4001(c) and the Hearing having been held and concluded; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and it appearing to the Court that granting the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates, is fair and reasonable, in the best interests of the Debtors, their estates, creditors, and other parties interest, and essential to preserve and maximize the value of the Debtors' business, their estates; and after due deliberation and consideration, and good cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW**:[2]

A. Bankruptcy Filing. On December 8, 2025 (the "Petition Date"), the Debtors filed

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact pursuant to Fed. R. Bankr. P. 7052

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

voluntary petitions under Chapter 11 subchapter V in the Central District of California, Santa Ana Division.

B. Debtor-in-Possession. From and after the Petition Date, the Debtors have managed their business and properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. Jurisdiction and Venue. The Court has jurisdiction over the Debtors, the Debtors estates, these proceedings, and the persons and properties affected hereby, pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors have consented to entry of a final order on the Motion by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Necessity for Relief Requested; Immediate and Irreparable Harm. The Debtors requested the entry of this Order pursuant to Bankruptcy Rule 4001(c) and Local Rule 4001-2. The Debtors have an immediate need to obtain financing on the terms and conditions set forth in the *Debtor-in-Possession Financing Loan Commitment Term Sheet*, dated December 23, 2025 between the Debtors and Solid Rock Commercial, LLC (the "DIP Lender") attached to this Order as **Exhibit A** (the "DIP Loan Term Sheet", and the loans advanced thereunder, the "DIP Loans") to, among other things, preserve and maximize the value of the Debtors' assets, absent which immediate and irreparable harm will result to the Debtors, their estates and creditors. The preservation and maintenance of the Debtors' assets and businesses are necessary and appropriate to maximize values available for distribution to creditors. Absent the Debtors ability to obtain the DIP Loan as set forth in the DIP Loan Term Sheet, the Debtors would not have sufficient available sources of working capital and would be unable to administer their estates, pay their operating expenses or maintain their assets, to the detriment of the Debtors' estates and creditors. Accordingly, the relief requested in the Motion and the terms herein are (i) critical to the Debtors' ability to maximize the value of their estates, (ii) in the best interests of the Debtors and their estates, and (iii) necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtors and their assets.

E. Good Cause. Good cause has been shown for entry of this Order, and the entry of

this Order is in the best interests of the Debtors and their estates and creditors. Among other things, the relief granted herein will permit the Debtors to preserve and maintain the value of their assets. The terms of the DIP Loan Term Sheet are fair and reasonable under the circumstances and reflect the Debtors exercise of prudent business judgment consistent with their fiduciary duties.

F. Good Faith. The DIP Term Sheet has been negotiated in good faith and at arms' length between the Debtors and the DIP Lender.

G. Notice. The Debtors have caused notice of the Motion, the relief requested therein, the entry of this Order, and the Hearing to be served by email and mail on the following parties or their counsel: (a) the Office of the United States Trustee for the Central District of California; (b) all parties having entered an appearance in this case; and (c) has further served notice of this Motion on the Debtors twenty largest unsecured creditors. Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein, and of the Hearing is sufficient and complies with Bankruptcy Rules 2002 and 4001(c).

**BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. Motion Granted. The Motion is GRANTED to the extent provided herein. Any objection to the relief requested in the Motion to the extent not withdrawn or resolved is hereby overruled on the merits.

2. Authorization to Obtain Postpetition Financing. Subject to the terms and conditions of this Order, the Court hereby authorizes the Debtors to obtain post-petition financing on the terms described in the DIP Loan Term Sheet to pay the obligations set forth in the budget attached to this Order as **Exhibit B** (subject to permitted variances), which attached budget has been approved by the DIP Lender (as such budget may be modified, replaced, or supplemented from time to time by the Debtors with the consent of the DIP Lender in its sole discretion, the "Approved Budget"); provided that at the times required under the DIP Loan Term Sheet or other DIP Loan Documents or upon the request of the DIP Lender, the Debtors shall provide an updated budget to the DIP Lender, and upon approval by the DIP Lender, such updated budget shall replace any prior Approved Budget and be deemed the Approved Budget for purposes of this

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Order and the DIP Loan Term Sheet.

3. Approval of the DIP Loan Term Sheet. The DIP Loan Term Sheet is hereby approved. The Debtors are expressly and immediately authorized and empowered to execute and deliver the DIP Loan Term Sheet, and to incur, comply with and perform the obligations thereunder in accordance with its terms, the Approved Budget, and this Order, and to execute, deliver and perform under all agreements and other documents which may be required or necessary for the performance by the Debtors under the DIP Loan Term Sheet (collectively with the DIP Term Sheet, the "DIP Loan Documents"). Upon entry of this Order, the DIP Loan Term Sheet and the other DIP Loan Documents shall constitute legal, valid, binding and nonavoidable obligations of the Debtors, enforceable in accordance with the terms of this Order and the DIP Loan Term Sheet. No obligation, payment, transfer, or grant of security hereunder or under the DIP Loan Term Sheet or the other DIP Loan Documents to the DIP Lender shall be stayed, restrained, voidable, avoidable, or recoverable under the Bankruptcy Code or under applicable law (including, without limitation, under Bankruptcy Code sections 502(d), 544, and 547 to 550 or under any applicable state Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or similar statute or common law), or subject to any defense, avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), disallowance, impairment, claim, counterclaim, cross-claim, or challenge, whether under the Bankruptcy Code or any other applicable law or regulation by any person or entity for any reason.

4. Authorization to Borrow and Make Payments Under the DIP Loan Term Sheet. Subject to the terms and conditions of the DIP Loan Term Sheet, the Debtors are hereby authorized to obtain an extension of credit (in the form of DIP Loans) pursuant to the DIP Loan Term Sheet, and make all payments and transfers of the Debtors' property as provided, permitted or required under the DIP Loan Term Sheet and this Order, including, without limitation, payment of all principal, interest, fees, and indemnities when due, under the DIP Loan Term Sheet, and pay or reimburse the DIP Lender for all present and future costs and expenses, including, without limitation, all reasonable and documented professional fees and expenses paid or incurred by the

DIP Lender in connection with the financing transactions as provided in the DIP Loan Term Sheet and this Order regardless of whether such amounts are in the Approved Budget.

5. DIP Liens; DIP Collateral. In order to secure the obligations under the DIP Loan Term Sheet and the other DIP Loan Documents, effective immediately upon entry of this Order and pursuant to sections 364(c) and (d) of the Bankruptcy Code, but subject and subordinate to the Carve Out (as defined below), the DIP Lender is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected first priority priming postpetition security interests in and liens (the "DIP Liens") in and upon all assets of the Debtors, real or personal, whether now owned or hereafter acquired and wherever located, including, without limitation, all accounts, inventory, equipment, capital stock in subsidiaries of the Debtors, investment property, instruments, chattel paper, real estate, leasehold interests, contracts, patents, copyrights, trademarks and other general intangibles (including leases), and all products and proceeds thereof (the "DIP Collateral"), provided that the DIP Collateral shall not include any and all claims or causes of action (the "Avoidance Actions") under Sections 502(d), 544, 545, 547, 548 through 551, and 553(b) of the Bankruptcy Code or any other avoidance actions under the Bankruptcy Code or applicable nonbankruptcy law and the proceeds thereof.

6. DIP Obligations. The DIP Liens are granted to the DIP Lender to secure all existing and future obligations and liabilities of every kind or nature (including, without limitation, principal of, and accrued interest on, amounts advanced to the Debtors under the DIP Loan Term Sheet and the other DIP Loan Documents and all other fees, indemnity obligations, reimbursement obligations, and other obligations owing by the Debtors or their estates under or in connection with the DIP Loan Term Sheet and the other DIP Loan Documents, whether due or to become due, absolute or contingent (the "DIP Obligations").

7. Automatic Effectiveness of DIP Liens. The DIP Liens shall become valid, perfected, binding, enforceable, non-avoidable and effective liens by operation of law as of the Petition Date without any further action by the Debtors or the DIP Lender and without the necessity of executing, filing or recording any financing statements, security agreements, mortgages, filings with a governmental unit, or other documents, agreements, or instruments or

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

the taking of any other actions (including, for the avoidance of doubt, taking possession of any collateral) to validate or perfect (in accordance with applicable law) the DIP Liens or to entitle the DIP Lender to the priorities granted herein. If the DIP Lender hereafter requests that the Debtors execute and deliver any financing statements, security agreements, mortgages, filings with a governmental unit, or other documents, agreements, or instruments considered by the DIP Lender to be reasonably necessary or desirable to further evidence the perfection of the DIP Liens, the Debtors are hereby authorized to execute and deliver any such documents, agreements, and instruments to the DIP Lender, and the DIP Lender is hereby authorized to file or record any such documents, agreements or instruments in its discretion without seeking modification of the automatic stay under Section 362 of the Bankruptcy Code, in which event all such documents shall be deemed to have been filed or recorded at the time and on the Petition Date; *provided, however*, that no such filing or recordation shall be necessary or required in order to create or perfect the DIP Liens. The DIP Lender, in its sole discretion, may file a copy of this Order as a financing statement with any filing or recording office or with any registry of deeds or similar office in addition to, or in lieu of, such financing statements, mortgages, notices of liens or similar documents, agreements, or instruments, and any such filing, recording, or similar office is directed to accept such filing as a financing statement.

8. DIP Lien Priority. Subject and subordinate to the Carve Out (as defined below), pursuant to section 364(c)(2) and 364(d) of the Bankruptcy Code, the DIP Liens are valid, enforceable, non-avoidable, and fully perfected first priority priming security interests in and first priority priming liens upon all the Debtors' right, title, and interest in, to, and under the DIP Collateral, in each case, senior to any and all other security interests in and liens upon on the DIP Collateral, whether now in existence or hereafter incurred and whether arising before or after the Petition Date.

9. DIP Superpriority Claims. Subject and subordinate to the Carve Out, the DIP Lender is hereby granted, pursuant to section 364(c)(1), 503(b) and 507(b) of the Bankruptcy Code, allowed superpriority administrative expenses claims for the DIP Obligations, having priority in right of payment over any and all other obligations, liabilities, and indebtedness of any

of the Debtors whether now in existence or hereafter incurred by the Debtors, of every kind or nature, including any and all unsecured claims, administrative expenses, adequate protection claims, priority claims or any other claims of the kind specified in, or ordered pursuant to, the Bankruptcy Code, including, without limitation, *inter alia*, sections 105, 326, 328, 330, 331, 503(b), 507, 364(c)(1), 546(c), 726, or 1114 of the Bankruptcy Code ("DIP Superpriority Claims").

10. Modification of Automatic Stay. The automatic stay under section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Order, including, without limitation, to: (a) enter into, execute, deliver, perform, and comply with all of the terms, conditions, and covenants of the DIP Loan Term Sheet and execute the DIP Loan Documents and all other documents or agreements required for the Debtors' performance of its obligations under the DIP Loan Term Sheet and the creation and perfection of liens granted or contemplated thereby; and (b) pay all obligations incurred by the Debtors under the DIP Loan Term Sheet and the other DIP Loan Documents (whether principal, interest, fees, costs, expenses, indemnities, or other amounts described in) as such amounts become earned, due, and payable and without need to obtain further Court approval.

11. Carve Out. As used in this Order, the "Carve Out" means the sum of (i) all fees due to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee; (ii) all reasonable fees and expenses of the Subchapter V trustee, (iii) all reasonable fees and expenses up to $25,000 incurred by a trustee under Bankruptcy Code Section 726(b); and (iv) all fees and expenses allowed at any time by the Bankruptcy Court, whether by interim order, procedural order, or otherwise (the "Allowed Professional Fees") incurred by persons or firms retained by the Debtors pursuant to Bankruptcy Code Sections 327, 328 or 363 (the "Debtor Professionals"); provided that nothing herein shall be construed to impair any party's ability to object to Bankruptcy Court approval of, or seek to disallow, the fees, expenses, reimbursement of expenses or compensation of any Debtor Professional.

12. Events of Default. Each of the following specified events shall constitute an event of default under the DIP Loan Term Sheet and this Order (each event of default specified below is

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

referred to herein as an "Event of Default"):

a. any filing by the Debtors seeking to vacate or modify the entered DIP Order over the objection of the DIP Lender;

b. the filing by the Debtors of (or supporting any other party in the filing of) any pleading seeking entry of an order by the Bankruptcy Court granting any superpriority claim or lien that is senior to or *pari passu* with those granted to the DIP Lender hereunder;

c. the granting of any superpriority claim or lien senior or *pari passu* with those granted to the DIP Lender hereunder;

d. the use or application of DIP Loan proceeds in a manner not provided for in the Budget;

e. the entry of a Bankruptcy Court order in any of the Chapter 11 Cases appointing a Chapter 11 trustee or examiner with expanded powers;

f. the filing by the Debtors of a Chapter 11 plan that has not been consented to by the DIP Lender;

g. the entry of an order dismissing any of the Chapter 11 Cases or converting any of the Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code; and

h. the sale of any DIP Collateral (i) without the approval of the Bankruptcy Court, or (ii) that does not indefeasibly satisfy all obligations of the Debtors under the DIP Loan.

13. Rights and Remedies upon Event of Default. Upon the occurrence of an Event of Default, then (i) the DIP Lender shall not be required to fund any additional Advances, and (ii) the DIP Lender shall be entitled to file an expedited motion for relief from the automatic stay of Section 362 of the Bankruptcy Code to the extent necessary to allow the DIP Lender in its sole discretion and upon written notice to the Debtors, to declare all obligations in respect of the DIP Loan to be immediately due and payable, and to exercise all rights and remedies available under the DIP Orders or with respect to the DIP Lender as a secured lender under applicable law; *provided* that the Debtors shall waive any right to seek relief under the Bankruptcy Code to the extent such relief would restrict or impair the rights or remedies of the DIP Lender under the DIP

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Order or the DIP Loan Term Sheet but may contest whether an Event of Default has occurred or is continuing upon motion, notice and a hearing, and the Debtors and the DIP Lender each consents to a hearing on an expedited basis to consider (i) whether an Event of Default has occurred, and (ii) whether the Bankruptcy Court should terminate the automatic stay.

14. Good Faith. Based on the findings set forth in this Order and the record made during the Hearing, pursuant to sections 105, 361, 363, and 364 of the Bankruptcy Code, the Debtors and the DIP Lender are hereby found to be entities that have acted in "good faith" in connection with the negotiation of the DIP Loan Term Sheet and the entry of this Order and are entitled to the protections afforded by sections 364(e) and 363(m) of the Bankruptcy Code.

15. No Third-Party Rights. Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

16. No Liability to Third Parties. In exercising any rights or remedies as and when permitted pursuant to this Order, the DIP Lender shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq. as amended, or any similar federal or state statute), nor shall it owe any fiduciary duty to the Debtors, their creditors or estates, or shall constitute or be deemed to constitute a joint venture or partnership with the Debtors. Furthermore, nothing in this Order shall in any way be construed or interpreted to impose upon the DIP Lender any liability for any claims arising from the prepetition or postpetition activities of the Debtors (as defined in section 101(2) of the Bankruptcy Code).

17. Binding Effect of Order. The provisions of this Order shall be binding upon all parties in interest in the Chapter 11 Cases, including the any trustee that may be appointed in the Chapter 11 Cases, and the Debtors and their respective successors and assigns and shall inure to the benefit of the DIP Lender, the Debtors and their respective successors and assigns. This Order

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

shall bind any trustee hereafter appointed or elected for the Debtors estate whether in the Chapter 11 Cases or in the event of the conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

18. Survival. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order: (i) confirming any chapter 11 plan, (ii) converting the Chapter 11 Cases to a chapter 7 case, or (iii) dismissing the Chapter 11 Cases. The terms and provisions of this Order, including the adequate protection granted pursuant to this Order, shall continue in full force and effect notwithstanding the entry of any of the foregoing orders, and such claims and liens shall maintain their priority as provided by this Order until all of the DIP Obligations are indefeasibly paid and satisfied in full in cash.

19. Findings of Fact and Conclusions of Law. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon the entry thereof. To the extent that any findings of fact are determined to be conclusions of law, such findings of fact shall be adopted as such; and to the extent that any conclusions of law are determined to be findings of fact, such conclusions of law shall be adopted as such.

20. Order Effective upon Entry. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. Retention of Jurisdiction. The Court has and will retain jurisdiction and power to enforce this Order in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation this Order.

###

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# EXHIBIT A
# DIP TERM SHEET

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# EXHIBIT B
# APPROVED BUDGET

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900